OPINION
On January 3, 1998, appellant, Markus Riders, was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3). On February 12, 1998 and April 13, 1998, appellant filed motions to suppress his breath test based on constitutional grounds and the state's failure to comply with the rules and regulations promulgated by the Ohio Department of Health in the administration of the breath test, including failure to properly approve the calibration solution used in his test. A hearing was held on April 27, 1998. By decision and journal entry filed May 18, 1998, the trial court denied appellant's motions. On June 30, 1998, appellant pled no contest to a violation of R.C. 4511.19(A)(3). The (A)(1) charge was dismissed. By journal entry filed June 30, 1998, the trial court found appellant guilty and sentenced him to thirty days in jail, twenty-seven suspended, and imposed a $300 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY ADMITTING INTO EVIDENCE A CALIBRATION SOLUTION CERTIFICATE ISSUED ON BATCH NUMBER 97220, WHEN THAT CERTIFICATE WAS BASED ON INSUFFICIENT TESTING BY THE MANUFACTURER AND THE OHIO DEPARTMENT OF HEALTH.
II THE TRIAL COURT ERRED IN ALLOWING DR. SUTHEIMER TO TESTIFY AS TO THE RESULTS OF THE TESTING DONE SUBSEQUENT TO THE CERTIFICATION OF BATCH NUMBER 97220 SINCE THE TESTING WAS NOT PERFORMED BY OR OBSERVED BY DR. SUTHEIMER, AND THE DATE HE RELIED UPON WAS NOT ADMITTED INTO EVIDENCE.
 I
Appellant claims the trial court erred in admitting the calibration solution certificate for batch number 97220 because said certificate was based on insufficient testing by the manufacturer and the Ohio Department of Health. We disagree. Dr. Craig Sutheimer, deputy director and chief of the alcohol testing program for the Ohio Department of Health, testified regarding the certification of batch solutions. Despite his concerns of establishing "target values" by the manufacturer, Dr. Sutheimer opined batch number 97220 was properly certified. T. at 68-69. This issue has been addressed by this court in State v. David B. Sebach (September 25, 1998), Knox App. No. 97CA24, unreported, and State v. Saundra M. Miracle (September 25, 1998), Knox App. No. 97CA25, unreported, wherein this court upheld the results of the datamaster tests stating as follows: The Department of Health qualifies a batch of calibration solutions by using its own procedures and affirms that the testing samples fall within the manufacturer's target concentration value. Once the Department of Health makes that quality assurance determination, it is not necessary to know the manufacturer's procedures. Further, the Department of Health's five percent deviation standard is not per se unreasonable or unconscionable.
In light of our decisions in Sebach and Miracle, we find the trial court did not err in admitting the results of appellant's breath test. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in permitting hearsay testimony by Dr. Sutheimer and erred in relying on said testimony in its judgment entry. We disagree. Under cross-examination by defense counsel, Dr. Sutheimer testified about subsequent tests run on batch number 97220 by the manufacturer, Stiffel Research, at his insistence: A. Um, it's my opinion that that's the target value because in the first week of December, um, Stiffel Research tested additional bottles of batch 97220. I went to Stiffel, reviewed the data, um, on the 16th of December and the concentration developed, and again, that's really what, what is measured, uh, both originally and then after these additional testing. The original, the original testing that was done on three bottles indicated that there was 1.204 milligrams per milliliter in the solution. Uh, the subsequent testing with ten bottles now indicates it's 1.205 milligrams per milliliter, one in 1,200 parts different and both of these equate to a 0.099.
* * *
 Q. Okay. Doctor, just so we can get back here, um, did you personally go to Stiffel Labs to review the data of the further testing that they performed in December of 1997?
A. Yes, I did.
 Q. Okay. And as a result of that visit to Stiffel Labs, Stiffel Labs, were you able to determine, uh, whether the certificate as issued by the Department of Health was correct?
 A. That visit allowed me to look at further analyses which corroborated the original BAC concentration and which were now more than necessary or more than appropriate as a number to set a true target.
T. at 59 and 62, respectively.
On direct examination by defense counsel, Dr. Sutheimer established he had previously been qualified as an expert pursuant to Evid.R. 702. Under Evid.R. 703, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted into evidence at the hearing." Dr. Sutheimer's testimony established he personally went to Stiffel Research, observed the data and was satisfied with the conclusions. T. at 59, 62-69. We find such testimony did not violate any prohibitions of the hearsay rules (Evid.R. 801, 802) or the rules on opinion and expert testimony (Evid.R. 701, 702, 703). Assignment of Error II is denied.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.